TROY LAW, PLLC
John Troy (JT 0481)
Aaron Schweitzer (AS 6369)
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**Case No. 20-cv-4214**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

XIAOJIAN YANG
*on his own behalf and on behalf of others similarly situated*

                                 Plaintiff,
                             v.

SMJ CONSTRUCTION INC
TNC CONSTUCTION INC
SMJ CONSTRUCTION TECH LLC
    d/b/a SMJ Construction;
STEVE KANG,
TIAN NAM CHE,
LIAN JUN CHU,
MIN JUNG PARK,
"JOHN" JIANG and
"JOHN" CAI

                             Defendants.
-----------------------------------------------------------------x

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

     Plaintiff XIAOJIAN YANG, (hereinafter referred to as Plaintiff), on behalf of hinself and others similarly situated, by and through their attorney, Troy Law, PLLC, hereby bring this complaint against Defendants SMJ CONSTRUCTION INC; TNC CONSTUCTION INC; SMJ CONSTRUCTION TECH LLC d/b/a SMJ Construction; STEVE KANG, TIAN NAM CHE, LIAN JUN CHU, MIN JUNG PARK, "JOHN" JIANG, and "JOHN CAI" and allege as follows:

## INTRODUCTION

1.     This action is brought by the Plaintiff XIAOJIAN YANG on behalf of him as well as other employees similarly situated, against the Defendants for alleged violations of the

Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New York Labor Law (NYLL), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.     Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage and unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost.

4.     Plaintiff further alleges pursuant to NYLL § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 (NYCRR) that they are entitled to recover from the Defendants: (1) unpaid minimum wage compensation and unpaid overtime compensation, (2) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011

under NY Wage Theft Prevention Act, (5) 9% simple prejudgment interest provided by

NYLL, (6) post-judgment interest, and (7) attorney's fees and costs.

5.     Plaintiff further alleges pursuant NJWHL that they are entitled to recover from

the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation,

(3) pre-judgment and post-judgment interest, and (4) attorney's fees and cost

## JURISDICTION AND VENUE

6.     This Court has original federal question jurisdiction over this controversy

under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and has supplemental jurisdiction over the

NYLL claims pursuant to 28 U.S.C. § 1367(a).

7.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§

1391(b) and (c), because Defendants conduct business in this District, and the acts and

omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

8.     From on or about July 5, 2017 to April 1, 2019, Plaintiff XIAOJIAN YANG

was employed by Defendants to work as a Construction Worker at various construction sites

in New York and New Jersey.

## DEFENDANTS

### *Corporate Defendants*

9.     Defendant at SMJ CONSTRUCTION INC d/b/a SMJ Construction is a foreign

business corporation organized under the laws of the State of New Jersey with a principal

address at 354B 13th St Palisades Park, NJ 07650.

10.     SMJ CONSTRUCTION INC d/b/a SMJ Construction is a business engaged in

interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

11.     SMJ CONSTRUCTION INC d/b/a SMJ Construction purchased and handled goods moved in interstate commerce.

12.     TNC CONSTUCTION INC is a foreign business corporation organized under the laws of State of New Jersey with a principal address at 460 Bergen Blvd. Suit 380 Palisades Park, NJ 07650.

13.     TNC CONSTUCTION INC is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

14.     TNC CONSTUCTION INC purchased and handled goods moved in interstate commerce.

15.     SMJ CONSTRUCTION TECH LLC is a foreign business corporation organized under the laws of the New Jersey with a principal address at 354B 13th St Palisades Park, NJ 07650.

16.     SMJ CONSTRUCTION TECH LLC is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

17.     SMJ CONSTRUCTION TECH LLC purchased and handled goods moved in interstate commerce.

***Owner/Operator Defendants***

18.     The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a),

NYLLC § 609(c).

19.     STEVE KANG, President and Department of State Registered Agent of SMJ CONSTURCTION TECH LLC d/b/a SMJ Construction (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SMJ CONSTRUCTION INC; TNC CONSTUCTION INC; and SMJ CONSTRUCTION TECH LLC d/b/a SMJ Construction.

20.     STEVE KANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with SMJ CONSTRUCTION INC; TNC CONSTUCTION INC; and SMJ CONSTRUCTION TECH LLC d/b/a SMJ Construction.

21.     TIAN NAN CHE, Department of State Registered Agent of TNC CONSTUCTION INC, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SMJ CONSTRUCTION INC; TNC CONSTUCTION INC; and SMJ CONSTRUCTION TECH LLC d/b/a SMJ Construction.

22.     TIAN NAN CHE acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with SMJ CONSTRUCTION INC; TNC CONSTUCTION INC; and SMJ CONSTRUCTION TECH LLC d/b/a SMJ Construction.

23.     LIAN JUN CHU, known as "Superintendent" to Plaintiff (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SMJ CONSTRUCTION INC; TNC CONSTUCTION INC; and SMJ CONSTRUCTION TECH LLC d/b/a SMJ Construction..

24.     LIAN JUN CHU supervised the Plaintiff.

25.     LIAN JUN CHU acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with SMJ CONSTRUCTION INC; TNC CONSTUCTION INC; and SMJ CONSTRUCTION TECH LLC d/b/a SMJ Construction.

26.     MIN JUNG PARK is the manager and member of  SMJ CONSTURCTION TECH LLC d/b/a SMJ Construction (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SMJ CONSTRUCTION INC; TNC CONSTUCTION INC; and SMJ CONSTRUCTION TECH LLC d/b/a SMJ Construction.

27.     MIN JUNG PARK acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with SMJ CONSTRUCTION INC; TNC CONSTUCTION INC; and SMJ CONSTRUCTION TECH LLC d/b/a SMJ Construction.

28.     "JOHN" JIANG, known as "Boss" to Plaintiff, (1) had the power to hire and

fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SMJ CONSTRUCTION INC; TNC CONSTUCTION INC; and SMJ CONSTRUCTION TECH LLC d/b/a SMJ Construction.

29.     "JOHN" JIANG hired Plaintiff.

30.     "JOHN" JIANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with SMJ CONSTRUCTION INC; TNC CONSTUCTION INC; and SMJ CONSTRUCTION TECH LLC d/b/a SMJ Construction.

31.     "JOHN" CAI known as "Manager" to Plaintiff (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SMJ CONSTRUCTION INC; TNC CONSTUCTION INC; and SMJ CONSTRUCTION TECH LLC d/b/a SMJ Construction.

32.     "JOHN" CAI actually hired Plaintiff.

33.     "JOHN" CAI actually supervised Plaintiff.

34.     "JOHN" CAI actually payed Plaintiff.

35.     "JOHN" CAI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with SMJ CONSTRUCTION INC; TNC CONSTUCTION INC; and SMJ CONSTRUCTION TECH LLC d/b/a SMJ Construction.

## **STATEMENT OF FACTS**

### **Defendants Constitute an Enterprise**

36.     Upon information and belief, Corporate Defendants SMJ CONSTRUCTION INC d/b/a SMJ Construction; TNC CONSTUCTION INC , SMJ CONSTRUCTION TECH LLC d/b/a SMJ Construction are joint employers of Plaintiff and constitute an enterprise as the term is defined by 29 USC §203(r) insofar as:

    a.  they share staff, including Plaintiff,

    b.  pay Plaintiff for the work performed for Corporate Defendants, which are indistinguishable from each other;

    c.  advertise the Corporate Defendants as an enterprise,

    d.  are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, and

    e.  are co-owned by the same partners.

37.     Construction workers of SMJ CONSTRUCTION d/b/a SMJ Construction used to be paid by SMJ CONSTRUCTION TECH LLC d/b/a SMJ Construction.

38.     At all times relevant herein, SMJ CONSTRUCTION INC;  TNC CONSTUCTION INC; SMJ CONSTRUCTION TECH LLC d/b/a SMJ Construction was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

39.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by SMJ CONSTRUCTION INC d/b/a SMJ Construction; TNC CONSTUCTION INC d/b/a TNC Construction; SMJ CONSTRUCTION TECH LLC d/b/a SMJ Construction.

### **Wage and Hour Claims**

40.     Defendants committed the following alleged acts knowingly, intentionally and

willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

41.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

42.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

43.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

44.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

45.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

46.     Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

### Plaintiff XIAOJIAN YANG

47.     From on or about July 5, 2017 to April 1, 2019, Plaintiff XIAOJIAN YANG was employed by Defendants to work as a Construction Worker at Defendant's various construction sites located in New York and New Jersey.

48.     From on or about July 5, 2017 to September 5, 2017, for around two (2) months Plaintiff XIAOJIAN YANG's regular work schedule ran as follows:

     a.   07:00 to 16:00 for nine (9) hours a day for five (5) days,

     b.   07:00 to 18:30 for eleven and a half (11.5) hours for two (2) days,

49.     From on or about July 5, 2017 to September 5, 2017, Plaintiff XIAOJIAN YANG worked seven (7) days a week, with no days off.

50.     Thus, from July 5, 2017 to September 5, 2017 Plaintiff XIAOJIAN YANG worked a total of sixty-eight (68) hours a week.

51.     From on or about September 6, 2017 to April 1, 2019, Plaintiff XIAOJIAN WANG's regular work schedule ran as follows:

     a.   Twenty percent (20%) of the time, Plaintiff worked seven (7) days a week,

         i.   from 07:00 to 16:00 for nine (9) hours a day for five (5) days, and

         ii.   from 07:00 to 18:30 for eleven and a half (11.5) hours for two (2) days

         iii.   for a total of sixty-eight (68) hours a week.

     b.   Eighty percent (80%) of the time, Plaintiff worked six (6) days,

         i.   from 07:00 to 16:00 for nine (9) hours a day for five (4) days, and

         ii.   from 07:00 to 18:30 for eleven and a half (11.5) hours for two (2) days

         iii.   for a total of fifty-nine (59) hours a week

52.     Thus, from September 6, 2017 to April 1, 2019 Plaintiff XIAOJIAN WANG worked an average of sixty hours and fifty minutes (60.80) a week.

53.     At all relevant times, Plaintiff XIAOJIAN YANG did not have a fixed time for lunch or for dinner.

54.     In fact, Plaintiff XIAOJIAN YANG ten (10) minutes to eat.

55.     At all relevant times, from July 5, 2017 to April 1, 2019, Plaintiff XIAOJIAN YANG was paid a flat compensation of one hundred and sixty dollars ($160) a day.

56.     From July 5, 2017 to April 1, 2019, Plaintiff XIAOJIAN YANG was paid ten dollars ($10) additional for meal allowance.

57.     Plaintiff XIAOJIAN YANG was paid in check every other Tuesday.

58.     At all relevant times, Plaintiff XIAOJIAN YANG's payment was often delayed.

59.     Plaintiff XIAOJIAN YANG was not paid any wages from June 2018.

60.     Defendant owed Plaintiff a total Thirty Six Hundred Four Hundred Sixty One Dollars ($36,461).

61.     Throughout his employment, Plaintiff XIAOJIAN YANG was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

62.     Throughout his employment, Plaintiff XIAOJIAN YANG was not compensated at least one-and-one half his promised hourly wage for all hours worked above forty (40) in each workweek.

## COLLECTIVE ACTION ALLEGATIONS

63.     Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised

hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

64.     Plaintiff bring his NYLL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

65.     All said persons, including Plaintiff, are referred to herein as the "Class."

66.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

### *Numerosity*

67.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

### *Commonality*

68.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.      Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

b.      Whether Plaintiff and Class members are promised and not paid at their promised hourly wage;

c.      Whether Plaintiff and Class members are not paid at least the hourly minimum wage for each hour worked;

d.      Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage under the New York Labor Law;

e.      Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f.      Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or timely thereafter;

g.      Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

h.      At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

### *Typicality*

69.      Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class

members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### Adequacy

70.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiff in both class action and wage-and-hour employment litigation cases.

### Superiority

71.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a

risk of inconsistent and/or varying adjudications with respect to the individual members of the

Class, establishing incompatible standards of conduct for Defendants and resulting in the

impairment of Class members' rights and the disposition of their interests through actions to

which they were not parties. The issues in this action can be decided by means of common,

class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion

methods to efficiently manage this action as a class action.

72.     Upon information and belief, Defendants and other employers throughout the

state violate the New York Labor Law. Current employees are often afraid to assert their

rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing

claims because doing so can harm their employment, future employment, and future efforts to

secure employment. Class actions provide class members who are not named in the complaint

a degree of anonymity which allows for the vindication of their rights while eliminating or

reducing these risks.

**<u>STATEMENT OF CLAIMS</u>**

**COUNT I.**
**[Violations of the Fair Labor Standards Act—Unpaid Wages**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

73.     Plaintiff re-alleges and incorporate by reference all preceding paragraphs as

though fully set forth herein.

74.     At all relevant times, Defendants had a policy and practice of refusing to pay

Plaintiff in full, and the similarly situated collective action members, for some or all of the

hours they worked.

75.     The FLSA provides that any employer who violates the provisions of 29 U.S.C.

§ 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an

additional equal amount as liquidated damages.

76.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of New York Labor Law—Unpaid Wages
### Brought on behalf of Plaintiff and Rule 23 Class]

77.     Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

78.     At all relevant times, Plaintiff is employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

79.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

80.     Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

81.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violation of New Jersey Wage and Hour Law—Failure to Pay Minimum Wage
### Brought on behalf of Plaintiff and Rule 23 Class]

82.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

83.     At all relevant times, Plaintiff is employed by Defendants within the meaning of NJWHL.

84.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

85.     Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

86.     An employer who fails to pay the minimum wage shall be liable, for their full unpaid minimum wage, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56 *et seq*.

## COUNT IV.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime
### Brought on behalf of the Plaintiff and the FLSA Collective]

87.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

88.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

89.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

90.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime

pay violated the FLSA.

91.     At all relevant times, Defendants had, and continue to have, a policy of

practice of refusing to pay overtime compensation at the statutory rate of time and a half to

Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours

per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*,

including 29 U.S.C. §§ 207(a)(1) and 215(a).

92.     The FLSA and supporting regulations required employers to notify employees

of employment law requires employers to notify employment law requirements. 29 C.F.R. §

516.4.

93.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the

requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and

FLSA Collectives' labor.

94.     Defendants knowingly and willfully disregarded the provisions of the FLSA as

evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory

overtime rate of time and one half for all hours worked in excess of forty (40) per week when

they knew or should have known such was due and that failing to do so would financially

injure Plaintiff and Collective Action members.

### COUNT V.
**[Violation of New York Labor Law—Failure to Pay Overtime
Brought on behalf of Plaintiff and Rule 23 Class]**

95.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

96.     An employer who fails to pay the minimum wage shall be liable, in addition to

the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%)

before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft

Prevention Act, and interest.

97.     At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

98.     Defendant' failure to pay Plaintiff his overtime pay violated the NYLL.

99.     Defendants' failure to pay Plaintiff was not in good faith.

## COUNT VI.
**[Violation of New Jersey Wage and Hour Law—Failure to Pay Overtime
Brought on behalf of Plaintiff and Rule 23 Class]**

100.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

101.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

102.     At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

103.     By failing to pay Plaintiff and the class, the Plaintiff and Class Members are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56a *et seq.*

## COUNT VII.
**[Violation of New York Labor Law—Failure to Provide Meal Periods
Brought on behalf of Plaintiff and the Rule 23 Class]**

104.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

105.     The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p.m. and 6 a.m. NYLL § 162.

106.     Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiff worked.

107.     Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

108.     Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

### COUNT VIII.
**[Violation of New York Labor Law—Failure to Keep Records
Brought on behalf of Plaintiff and Rule 23 Class]**

109.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

110.     Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

111.     As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages,

prejudgment interest, costs and attorneys' fee, pursuant to the state law.

112.   Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

113.   Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

## COUNT IX.
### [Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice Brought on behalf of Plaintiff and Rule 23 Class]

114.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

115.   The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

116.   Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

117.   Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

118.   Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to

recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**COUNT X.**
**[Violation of New York Labor Law—Failure to Provide Wage Statements**
**Brought on behalf of Plaintiff and Rule 23 Class]**

119.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

120.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

121.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiff's payday.

122.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a)    Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of

issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid wages and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)       Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)       An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

k)       The cost and disbursements of this action;

l)       An award of prejudgment and post-judgment fees;

m)       Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

n)       Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

### **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiff demands a trial by jury on all questions of facts.


Dated: Flushing, New York

June 2, 2020

TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA*
*Collective and potential Rule 23 Class*


/s/ John Troy

John Troy (JT0481)
Aaron Schweitzer (AS 6369)